UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT F. FRANCIS, II, on behalf of himself and of all others similarly situated,**<br><br>　　Plaintiff,<br><br>v.<br><br>**AT&T INC. d/b/a AT&T and AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC,**<br><br>　　Defendants. | **Case No 2:07cv14921**<br><br>Hon. George Caram Steeh |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO DECLARE CLASS ACTION WAIVER UNLAWFUL**

Alan J. Statman
Jeffrey P. Harris
W. Kelly Lundrigan
STATMAN HARRIS & EYRICH LLC
441 Vine Street
3700 Carew Tower
Cincinnati, Ohio 45202
(513) 621-2666
(513) 621-4896 (fax)

E. Powell Miller (P39487)
Ann L. Miller (43578)
THE MILLER LAW FIRM, P.C.
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200

i

## INDEX OF MOST CONTROLLING AUTHORITIES-SUPPLEMENT

*Dix v. American Bankers Life Assurance Company of Florida*, 429 Mich. 410, 415 N.W.2d 206 (1987) ................................................................................................4

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614 (1985) ..............................2, 5

*Rembert v. Ryan Family Steak Houses, Inc.,* 235 Mich.App. 118; 596 N.W.2d 208 (1999) ..........5

## **INTRODUCTION**

Plaintiff originally filed his Motion to Declare Class Action Waiver Unlawful ("Plaintiff's Motion") on January 16, 2008. Defendant filed a Motion to Compel Arbitration and Dismiss Action ("Defendant's Motion") based on the same class waiver and arbitration provision at issue in Plaintiff's Motion on January 25, 2008. Defendant then filed its Memorandum in Opposition to Plaintiff's Motion on January 31, 2008. Because the parties subsequently agreed that limited discovery was needed, the Court issued an order setting a discovery schedule. Defendant's discovery deadline was July 31, 2008, on which date the Court considered Plaintiff's Motion and Defendant's Motion "re-filed."

Defendant never re-filed its Memorandum in Opposition. According to the letter received by Plaintiff from counsel for Defendant, Defendant's understanding of the scheduling order was that its Memorandum in Opposition, along with Plaintiff's Motion and Defendant's Motion, would be considered "re-filed" on July, 31, 2008. However, no clarification of the Court's Order appeared on the docket, nor did Plaintiff receive anything from the Court modifying the Order. Further, considering both Plaintiff's Motion and Defendant's Memorandum in Opposition "re-filed" on the same day would negate the value of permitting Defendant to conduct discovery if it were not allowed to incorporate that new information into an amended Memorandum in Opposition.

In light of Defendant's failure to file an amended Memorandum in Opposition, Plaintiff assumes that it does not intend to supplement its original Memorandum in Opposition. Plaintiff files this Reply in response to Defendant's original Memorandum in Opposition as if it had been "re-filed" on August 14, 2008, the due date for Defendant's response to Plaintiff's non-dispositive motion re-filed on July 31, 2008.

## ARGUMENT

Defendant argues that there is no substantive right to a class action because a class action is "merely" a procedural device. (Def. Opp., 7) Defendant improperly analogizes a class waiver with the waiver of a statutory limitations period. (Def. Opp., 5-6) Defendant mischaracterizes class waivers as waiver of the judicial forum. (Def. Opp., 6) Defendant states that under the Michigan Consumer Protection Act ("MCPA"), the right to bring or participate in a class action is waivable. (Def. Opp., 5) None of these arguments is meritorious.

### I. The Right To Bring Or Participate In A Class Action Is An Unwaivable Substantive Right

Under Michigan law, including this Court's recent holding in *Wong v. T-Mobile,* 2006 U.S. Dist. LEXIS 49444 (E.D. Mich. July 20, 2006) (Pl. Mot. Ex. D), a class waiver prohibiting the aggregation of consumer claims in either a judicial or arbitral forum is unlawful.

In *Wong*, Judge Edmunds found that because the consumer contract at issue prohibited class-wide arbitration, it was unenforceable. Defendant T-Mobile, as Defendant does in this action, attempted to characterize the right to class action under the MCPA as a procedural right that may be disposed of by agreement. The Court rejected this argument.

In its analysis, the Court in *Wong* begins by quoting the United States Supreme Court in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614 (1985), which acknowledged a federal policy favoring arbitration agreements, but also cautioned that, "by agreeing to arbitrate a statutory claim [such as one that would arise under the MCPA], a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Wong,* 2006 U.S. Dist. LEXIS 49444, *4 (quoting *Mitsubishi* 473 U.S. at 628). The Court emphasizes that "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." *Wong,* 2006 U.S. Dist. LEXIS 49444, *4 (quoting *Mitsubishi*, 473 U.S.

at 637). If a litigant cannot vindicate its statutory cause of action in the arbitral forum, as Plaintiff cannot here, the statute cannot serve its remedial and deterrent functions.

Having established that the litigant must be able to vindicate its statutory cause of action, the Court then considers whether a class action under the MCPA is a substantive right necessary for such vindication. After considering other courts' holdings in comparable cases, Judge Edmunds ultimately found that class actions:

> Were designed for situations just like this [where the amount in controversy was too small to warrant pursuing individually]. **The MCPA's class action mechanism is essential to the effective vindication [of] its statutory cause of action** . . . Because the class action waiver in Defendant's contract prevents the effective vindication of Plaintiff's statutory rights under the MCPA, it is unenforceable. (emphasis added)

*Wong,* 2006 U.S. Dist. LEXIS 49444, *15-16. Because the arbitration agreement was contingent upon the legality of the class waiver, as is the arbitration agreement at issue in this case, the arbitration agreement was consequently null and void.

This Court should follow precedent articulated in *Wong* and find that the MCPA's class action provision is an unwaivable substantive right.

## II.     The MCPA Does Not Suggest That The Right To Bring Or Participate In A Class Action Is Waivable

The MCPA specifically empowers injured consumers to bring a class action, stating that, "a person who suffers loss as a result of a violation of this act *may* bring a class action . . ." MCL s. 445.911(3). Defendant interprets the Legislature's use of the term "may" as indicating that the right is not an unwaivable substantive right. Defendant's position that the Legislature would not have used the permissive "may" if it had intended the right to be unwaivable, taken to its logical conclusion, leads to an absurd result. If the Legislature used the term "shall," individual consumers would be precluded from bringing individual actions because every consumer "shall" bring a class action. But forcing consumers to serve as class representatives or be foreclosed

3

from bringing any action at all, beyond being nonsensical, is inconsistent with Michigan consumer law.

The Michigan Supreme Court in *Dix v. American Bankers Life Assurance Company of Florida*, 429 Mich. 410, 417-418, 415 N.W.2d 206 (1987), interpreting the MCPA, specifically held that:

> The Consumer Protection Act was enacted to provide an **enlarged remedy** for consumers who are mulcted by deceptive business practices, and it **specifically provides for the maintenance of class actions**. This remedial provision of the Consumer Protection Act should be **construed liberally to broaden the consumers' remedy**, especially in situations involving consumer frauds affecting a large number of persons." (emphasis added)

Case law, as well as logical construction of the language selected by the Legislature, indicate an intent to broaden (not limit) consumer remedies.

### III. Waiver Of A Statutory Limitations Period Is Not Analogous To Class Waiver

Relying on *Dean v. Haman,* Defendant analogizes waiver of a consumer's right to bring or participate in a class action to waiver of a statutory limitations period. 2006 Mich. App. LEXIS 1670 (May 16, 2006) (attached hereto as Exhibit A). Such reliance is misplaced.

First, *Dean* is unpublished and not precedentially binding. Second, the law is infused with language emphasizing the importance of class actions in consumer litigation, whereas Michigan courts have routinely enforced contracts containing shortened statutory limitations periods. *See Bank v. Superior Court of Los Angeles*, 36 Cal. 4th 148, 162-63, 113 P.3d 1100 (2005); *Leonard v. Terminix International Co.*, 854 So. 2d 529, 538-39 (Ala. 2002); *Discover Powertel, Inc. v. Bexley*, 743 So. 2d 570, 575-76 (Fla. App. 1999)*; Vasquez v. Superior Court*, 4 Cal.3d 800, 484 P.2d 964 (Cal. App. 1971). Third, unlike a class waiver, acquiescing to an abbreviated statutory limitations period does not preclude a particular remedy, but only shortens the time period in which to bring a claim. Finally, the MCPA does not state that the six-year statute of limitations

4

cannot be shortened by contract, whereas the MCPA specifically empowers consumers to bring class actions.

### IV. Defendant Mischaracterizes Class Waiver As Waiver Of The Judicial Forum

Defendant reasons that because *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614 (1985) and *Rembert v. Ryan Family Steak Houses, Inc.,* 235 Mich.App. 118 (1999) stand for the proposition that waiver of the judicial forum does not constitute a waiver of statutory rights that it necessarily follows that class waiver is also not a waiver of a statutory right. However, it is not the waiver of judicial forum that Plaintiff objects to. As Plaintiff has stated, he would stipulate to class arbitration. It is Defendant's imposition of a class waiver that prohibits injured consumers from bringing (or even participating in) a class action to enforce their rights under the MCPA (in either a judicial or arbitral forum) that is an impermissible waiver of a substantive right.

### CONCLUSION

WHEREFORE, for the foregoing reasons and those contained in his main brief, Plaintiff respectfully requests that this Court grant Plaintiff's Motion and declare the class action waiver unlawful.

Dated: August 25, 2008                                        Respectfully submitted,

| | |
|---|---|
| /s/ Ann L. Miller_____ | Alan J. Statman |
| E. Powell Miller (P39487) | Jeffrey P. Harris |
| Ann L. Miller (43578) | W. Kelly Lundrigan |
| THE MILLER LAW FIRM, P.C. | STATMAN, HARRIS & EYRICH, LLC |
| 950 West University Drive, Suite 300 | 441 Vine Street |
| Rochester, Michigan 48307 | 3700 Carew Tower |
| (248) 841-2200 | Cincinnati, Ohio 45202 |
| alm@millerlawpc.com | (513) 621-2666 |

*Trial Attorneys for Plaintiff and Plaintiff Class*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25th, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

- **Michelle Thurber Czapski**
mczapski@dickinsonwright.com,comey@dickinsonwright.com

- **Kenneth J. McIntyre**
kmcintyre@dickinsonwright.com,cbennett@dickinsonwright.com

- **E. Powell Miller**
epm@millerlawpc.com,kds@millerlawpc.com

- **Marc L. Newman**
mln@millerlawpc.com,asl@millerlawpc.com

- **Toby A. White**
twhite@dickinsonwright.com

- **Ann L. Miller**
alm@millerlawpc.com

- **Evan M. Tager**
etager@mayerbrown.com

- **Archis A. Parasharami**
aparasharami@mayerbrown.com

Respectfully submitted,

/s/ Ann L. Miller_____
Ann L. Miller (P43578)
THE MILLER LAW FIRM, P.C.
Attorneys for Plaintiff
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
alm@millerlawpc.com

6