UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT F. FRANCIS, II,**

    Plaintiff,                         Case No 2:07cv14921

v.                                    Hon. George Caram Steeh
                                       Mag. Judge Mona K. Majzoub

**AT&T MOBILITY LLC f/k/a**
**CINGULAR WIRELESS LLC,**        ORAL ARGUMENT REQUESTED

    Defendants.

**AT&T MOBILITY LLC'S OPPOSITION
TO PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY
AND STRIKE DECLARATION OF RICHARD A. NAGAREDA**

|   | Michelle Thurber Czapski (P47267)<br>Toby A. White (P67530)<br>DICKINSON WRIGHT PLLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226-3425<br>Telephone: (313) 223-3636<br><br>Evan M. Tager (co-counsel)<br>Archis A. Parasharami (co-counsel)<br>MAYER BROWN LLP<br>1909 K Street NW<br>Washington, DC 20006<br>Telephone: (202) 263-3000 |
|---|---|

1

Francis contends that this Court should strike the declaration of Professor Richard A. Nagareda because, in Francis's view, Professor Nagareda is impermissibly testifying to "an ultimate question of law for the court." Francis Mem. in Support of Mot. to Exclude and Strike (Docket No. 34) ("Francis Mem.") at 1. This objection is baseless.

Francis characterizes Professor Nagareda's declaration as "simply the argument of one more lawyer retained by the Defendant." Francis Mem. at 3. That assertion fundamentally misunderstands the nature and purpose of Professor Nagareda's testimony, which is not designed to supplant this Court's role in formulating ultimate legal conclusions. To the contrary, Professor Nagareda is testifying as an expert on the market for legal services for small-dollar consumer claims and in the field of aggregate dispute resolution generally and class-action litigation in particular.

In his declaration, Professor Nagareda states that his scholarship focuses on "class actions and other forms of aggregate litigation" (Decl. of Richard A. Nagareda ¶ 1) and that the "American Law Institute appointed [him] as Associate Reporter for its project on the Principles of the Law of Aggregate Litigation" (*id.* ¶ 4). Professor Nagareda goes on to report his empirical conclusion that ATTM's arbitration provision "represents an innovative measure likely to facilitate the fair and efficient resolution of disputes between individual consumers and ATTM" because it goes farther than any other arbitration provision that he has "seen" in "provid[ing] incentives for consumers and their prospective attorneys to bring claims." *Id.* ¶ 11. Professor Nagareda further predicts that the cost-shifting and premium provisions of ATTM's arbitration provision are "likely to facilitate the development of a market for fair settlements of such claims" (*id.*), thereby "driv[ing] settlement offers toward levels comparable to those that legislatures have

understood to be sufficient to facilitate individual claims in settings involving statutory damages" (*id.* ¶ 14).

Professor Nagareda's prediction that ATTM's arbitration provision will motivate customers and their attorneys to bring meritorious claims against ATTM and incentivize ATTM to offer substantial and fair settlements counters Plaintiffs' assertion that the provision renders his individual claim "not economically feasible," Francis Mem. in Support of Mot. to Strike Class Action Waiver (Docket No. 13) at 9, and "effectively exculpates Defendant from liability," Francis Resp. to Mot. to Compel Arbitration and Dismiss Action (Docket No. 36) at 1. ATTM's proffer of Professor Nagareda's declaration for this purpose is entirely proper: Professor Nagareda's opinions draw upon his expertise regarding the ability of consumers to obtain redress without access to "class actions and other forms of aggregate litigation." Nagareda Decl. ¶ 1.

It is true that Professor Nagareda refers to the generic concept of unconscionability in his declaration, but he does not opine on the law of Michigan or any other state, and he certainly does not somehow usurp this Court's role in determining and applying Michigan and federal law to Francis's unconscionability challenge to ATTM's provision.[1] In any event, witnesses are permitted to refer to legal concepts in rendering non-legal opinions. As the Ninth Circuit has explained, "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (internal quotation marks omitted). For example, a lawyer may testify as to the "customary" interpretation of "boilerplate language" in a prospectus in order to

---

[1] As used in Professor Nagareda's declaration, the term "unconscionability" is essentially a shorthand reference to the analysis in his scholarly work concerning whether contractual waivers of class treatment should be enforced. That analysis, in turn, focuses on whether claimants would be able to vindicate their claims through individual arbitration. *See* Nagareda Decl. ¶¶ 11–15; Richard A. Nagareda, *Aggregation and its Discontents: Class Settlement Pressure, Class-Wide Arbitration, and CAFA*, 106 COLUM. L. REV. 1872, 1898-1909 (2006).

3

rebut scienter by explaining why a company believed that "including such language * * * negate[d] any misleading effects" of other statements in the prospectus. *Huddleston v. Herman & MacLean*, 640 F.2d 534, 552 (5th Cir. Unit A 1981), *aff'd in part*, *rev'd in part on other grounds*, 549 U.S. 375 (1983). The same logic applies here: Professor Nagareda's references to unconscionability merely provide context for his opinion testimony concerning the incentives that ATTM's arbitration provision creates. And that testimony explains why the arbitration provision does not operate as an exculpatory clause.

The three decisions on which Plaintiff relies (Francis Mem. at 2-3) are inapposite. For example, in *Shahid v. City of Detroit*, 889 F.2d 1543 (6th Cir. 1989), the trial court refused to allow an expert witness to testify to "an ultimate issue in this case—the defendant officers' alleged negligence." *Id.* at 1547. But unlike in *Shahid*, Professor Nagareda's testimony here does not go to an "ultimate issue"; rather, his discussion of the unconscionability doctrine merely provides context for his testimony as to his empirical research and non-legal conclusions concerning the marketplace for legal services and settlements of disputes. Moreover, *Shahid* involved the presentation of expert testimony to a *jury*, not a judge, and thus—unlike this case—it implicated the policy underlying the rule against expert testimony on legal conclusions. That rule is intended to prevent jury confusion: If parties may present dueling legal experts to the jury, the experts' testimony may "improperly usurp the court's role [of] instructing the jury as to the applicable law." *Hangarter*, 373 F.3d at 1017. Here, however, **the Court** is the relevant decisionmaker, and, contrary to Francis's fears, there is little risk that Professor Nagareda's testimony could somehow hoodwink the Court into disregarding the law that the Court deems applicable to ATTM's motion to compel arbitration. As one district court has aptly noted, "[g]iven the flexible nature of [Federal Rule of Evidence] 702, which allows expert testimony

4

whenever it will 'assist the trier of fact,' and given the fact that the trier of fact in this case [is] a judge," there is "little risk that the expert testimony [will] be given undue weight." *In re Bay Area Material Handling, Inc.*, 1995 WL 729300, at *6 (N.D. Cal. Dec. 4, 1995), *aff'd*, 111 F.3d 137 (9th Cir. 1997) (table); *see also Martin v. Indiana Michigan Power Co.*, 292 F. Supp. 2d 947, 959 (W.D. Mich. 2002) ("where the court is acting as the trier of fact, the dangers which can be presented by * * * 'ultimate issue' testimony are minimal if not nonexistent").

The second case that Francis cites did not involve expert testimony at all. *See Torres v. County of Oakland*, 758 F.2d 147 (6th Cir. 1985). Rather, the question in that case was whether the trial court should have excluded a **lay witness**'s testimony that arguably encompassed an "ultimate issue." *Id.* at 149-51. In analyzing that question, the Sixth Circuit pointed out that, under Federal Rule of Evidence 704, "testimony otherwise admissible is **not** objectionable because it embraces the ultimate issue to be decided." *Id.* at 150 (quoting Fed. R. Evid. 704(a)) (emphasis added) (internal quotation marks and ellipsis omitted)). Consequently, "trial judges are accorded a relatively wide degree of discretion in admitting or excluding testimony which arguably contains a legal conclusion." *Id.* And the court made clear that "[t]he problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards **to the jury**." *Id.* (emphasis added). Thus, while the *Torres* court ultimately concluded that the trial court committed error—albeit harmless—in admitting the challenged testimony (*id.* at 151), the fact that it involved a lay witness's testimony to a jury renders it wholly inapplicable to this case.

Francis's reliance on *United States v. Zipkin*, 729 F.2d 384 (6th Cir. 1984), is likewise meritless, as it, too, involved radically different facts. In *Zipkin*, the district court had permitted a **sitting bankruptcy judge** to testify before a **jury** in a criminal case as to the proper

5

interpretation and effect of federal bankruptcy law as well as the meaning of an order the judge had issued. *See id.* at 385-386. Under such circumstances, the Sixth Circuit held that admission of the bankruptcy judge's testimony constituted prejudicial error. As the *Zipkin* court explained, "[a] jury listening to a bankruptcy judge testify as to a question of bankruptcy law would be expected to give special credence to such testimony." *Id.* at 387. That testimony "[i]n effect * * * amounted to a statement that under the applicable law the defendant was guilty. Such testimony from a bankruptcy judge obviously would have impact **upon a jury**." *Id.* (emphasis added)

In sum, the concerns in *Shahid*, *Torres*, and *Zipkin* are entirely absent here. Even if Professor Nagareda's testimony were focused on an ultimate issue—it is not—there is no risk of jury confusion here, as the Court, not a jury, will decide the motion to compel arbitration. And the Court is obviously not in any danger of being confused or unduly influenced by Professor Nagareda's testimony.

For the foregoing reasons, the Court should deny Francis's motion to strike Professor Nagareda's Declaration.

Dated:  September 4, 2008                                Respectfully submitted,

                                                          /s/  Michelle Thurber Czapski
                                                         Michelle Thurber Czapksi (P47267)
                                                         Toby A. White (P67530)
                                                         DICKINSON WRIGHT PLLC
                                                         Attorneys for Defendant ATTM
                                                         500 Woodward Ave., Suite 4000
                                                         Detroit, MI 48226-3425
                                                         (313) 223-3425
                                                         mczapski@dickinsonwright.com
                                                         twhite@dickinsonwright.com

                    Evan M. Tager
                    Archis A. Parasharami
                    MAYER BROWN LLP
                    Co-counsel for Defendant ATTM
                    1909 K. Street NW
                    Washington, D.C. 20006
                    (202) 263-3000
                    aparasharami@mayerbrown.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing was served upon all counsel of record by CM/ECF on September 4, 2008.

      /s/ Michelle Thurber Czapski
      Michelle Thurber Czapski (P47267)
Dickinson Wright PLLC
Attorneys for Defendant ATTM
500 Woodward Ave., Suite 4000
Detroit, Michigan 48226-3425
(313) 223-3500
twhite@dickinsonwright.com

DETROIT 26842-23 1055640v1