UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT F. FRANCIS, II, on behalf of himself and of all others similarly situated, | Case No. 2:07 cv 14921<br>Hon. George Caram Steeh |
| Plaintiff, | |
| v. | |
| AT&T, INC., d/b/a AT&T and AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, | |
| Defendants. | |

| | |
|---|---|
| THE MILLER LAW FIRM PC.<br>E. Powell Miller (P39487)<br>Marc L. Newman (P51393)<br>Co-Counsel for Plaintiff<br>950 W. University Drive<br>Suite 300<br>Rochester, Michigan 48307<br>(248) 841 2200 | STATMAN, HARRIS & EYRICH, LLC<br>Alan J. Statman (*pro hac vice*)<br>Jeffrey P. Harris (*pro hac vice*)<br>W. Kelly Lundrigan (*pro hac vice*)<br>Co-Counsel for Plaintiff<br>41 Vine Street<br>3700 Carew Tower<br>Cincinnati, Ohio 45202<br>(513) 621-2666 |

**PLAINTIFF'S RESPONSE TO AT&T MOBILITY LLC'S
MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF AS UNTIMELY**

**INTRODUCTION**

The Court entered an Order on March 20, 2008 setting a schedule for briefing. The Order clearly stated that the parties' motions would be deemed filed on July 31, 2008. The Order makes no mention of response or reply briefs other than to state that they will be calculated against the July 31, 2008 motion filing date and governed by LR 7.1(d). Accordingly, Plaintiff timely filed his Reply In Support Of His Motion To Declare Class Action Waiver Unlawful per LR 7.1(d). Unbeknownst to Plaintiff, counsel for Defendant attempted to modify the Order via ex parte communications with the Court. Defendant's purported modification included deeming

its Response brief filed on July 31, 2008 as well. This was clearly not part of the Court's Order. Defendant then included its spurious modification of the Court's Order in a letter, but neglected to ever provide a copy of that letter to Plaintiff's Michigan counsel. Now Defendant attempts to strike Plaintiff's Reply brief based on its modification, even where Defendant can make absolutely no showing of prejudice. Defendant's Motion to Strike is nothing more than petty gamesmanship and should therefore be denied.

## FACTUAL BACKGROUND

On March 20, 2008, this Court entered Order Dismissing Without Prejudice Plaintiff's Motion to Declare Class Action Waiver Unlawful (#13), Dismissing Without Prejudice Defendant's Motion to Compel Arbitration (#17), and Modifying Proposed Scheduling Order ("Scheduling Order"). The Court's Scheduling Order specified that Plaintiff's Motion to Declare Class Action Waiver Unlawful ("Plaintiff's Motion") "shall be considered by the Court as re-filed on July 31, 2008 . . ." As admitted by Defendant, the Court's Scheduling Order provided that "[t]he time for filing response and reply briefs to the re-filed July 31, 2008 motions shall be governed by LR 7.1(d)."

It is clear that LR 7.1(d) requires responses to dispositive motions to be filed 21 days after service of the motion. In addition, LR 6.1 allows an additional three days for mail. In accordance, with the Court's Order, Plaintiff used July 31, 2008 as the designated filing date for its Motion. Therefore, Plaintiff calculated 24 days after July 31, 2008 (under LR 7.1(d) and 6.1) as the date of Defendant's Response brief, making the due date of Defendant's Response August 25, 2008 (August 24 was a Sunday). Plaintiff therefore had ten business days after August 25, 2008 to file his Reply (seven days under LR 7.1(d) plus three days for mail under LR 6.1, excluding weekends per Fed.R.Civ.P. 6(a)), making the due date for Plaintiff's Reply September 9, 2008. Plaintiff filed his Reply brief on August 25, 2008, well within the proper time period.

The language of the Court's Scheduling Order speaks for itself, and Plaintiff is entitled to rely upon this Order in calculating its due dates. In its Motion to Strike, Defendant describes its ex parte communications to the Court, which ex parte communications apparently resulted in a reading of the Court's Scheduling Order that is contrary to the plain language of the Order. Having purportedly altered the dates to no longer be consistent with the plain language in the Order, Defendant wrote a letter to some of Plaintiff's counsel on March 26, 2008, but neglected to copy The Miller Law Firm on the letter. Defendant's letter is confusing at best and does not provide a due date for Plaintiff's Reply brief. Most importantly, Defendant's letter itself confirms Plaintiff's proper reading of the Court's Order where it states "[f]irst, you confirmed that the parties need not re-file their motions again on July 31, 2008, and that they are simply deemed re-filed on this date by the Court." Merely because Defendant's counsel were not required to re-file their motion, does not mean that Plaintiff's counsel knew that it would not be doing so. Presumably, Defendant would have wished to incorporate the very discovery it sought through modification of the Scheduling Order.

## ARGUMENT

**I.      Plaintiff's Reply Brief Was Timely Filed**

Plaintiff's Reply brief was timely filed as per the language of the Court's March 20, 2008 Scheduling Order. The Scheduling Order specifies that: (1) the parties *motions* will be deemed filed on July 31, 2008, and (2) the remaining briefing dates will be governed by LR 7.1(d). (Exhibit A to Defendant's Motion, March 20, 2008 Scheduling Order.) As described above, per the plain terms of the Scheduling Order, if Plaintiff's Motion was deemed filed on July 31, 2008, Plaintiff had until September 9, 2008 to file its Reply. Plaintiff could not know that Defendant was not going to file a modified Response until the date for filing Responses, August 25, 2008,

3

had passed. This is especially true because Defendant sought additional discovery during this time, and presumably could have included this information in its Response.

Defendant may attempt to use its ex parte communications with the Court to alter the Scheduling Order and change the briefing due dates, but such gamesmanship comes to naught because modification of scheduling orders must be made by motion. Fed. R. Civ. P. 16(b). Under Fed. R. Civ. P. 16(b), a party must show "good cause" to modify a scheduling order once a scheduling order has been entered. Chancellor v. Pottsgrove Sch. Dist., No. 06-1067, 2007 WL 2274837, at *3 (E.D. Pa. Aug. 8, 2007).

The clear terms of the Scheduling Order mandate that the parties' ***motions*** will be deemed filed on July 31, 2008. The Scheduling Order does ***not*** state that Defendant's Response brief would be deemed filed by July 31, 2008. Via ex parte communications with the Court, Defendant attempted to modify the Scheduling Order, and then put its purported modifications in a letter to Plaintiff but neglected to include Plaintiff's counsel in Michigan. Clearly Plaintiff is entitled to rely on the terms in the Court's Scheduling Order and should not be held accountable for Defendant's questionable tactics in attempting to change dates.

**II.     Even If Plaintiff's Reply Was Untimely Filed, This Court Should Consider It**

Courts have discretion to consider briefs that are not timely filed. Laurel v. Walmart Stores, Inc., 184 F.Supp.2d 659 (E.D.Mich.,2002) ("Although untimely filed, the Court exercises its discretion to consider Plaintiff's response brief." In addition, courts are reluctant to strike briefs that are not timely filed. Nabkey v. U.S., 921 F.2d 276 (6th Cir. 1990) (denying request to strike appellee's brief as untimely.); Lee v. McDonald, 2008 WL 597287 (E.D.Mich. 2008) (using court's discretion to allow reply brief that was not timely filed.); In re DeLorean Motor Co., 91 B.R. 766 (Bkrtcy.E.D.Mich.,1988) (using court's discretion to consider untimely brief

4

and attached affidavit filed just hours before the hearing and denying opposing party's request to strike.)

Here, even if Plaintiff's Reply brief was untimely, which it was not per the terms of the Scheduling Order, the filing of the Reply was the result of an honest calculation of the due date based upon the Court's Scheduling Order. Plaintiff was not seeking any advantage in filing its Reply on September 9, 2008 and indeed did not obtain any advantage. Plaintiff's Reply brief was within the five-page limit and did not raise any new issues. In addition, Defendant has not even alleged any prejudice resulting from the filing of Plaintiff's Reply. Indeed, there can be no prejudice where Defendant filed its own fifteen-page Reply brief on September 2, 2008 and had ample opportunity to address any issues raised in Plaintiff's Reply. Notably, Plaintiff's Reply Brief was virtually drafted on the date Defendant claims it was due. However, Plaintiff was focused on filing his Response brief that was due that very day on its related motion. Nevertheless, Defendant, having had every advantage and having not been prejudiced in the least by Plaintiff's Reply, seeks to engage in petty gamesmanship based upon its own improper ex parte communications with the Court and impede Plaintiff from properly arguing his case. It is clearly within this Court's discretion to consider Plaintiff's Reply brief where the filing date was a result of an honest calculation of the due date under the Scheduling Order and Defendant has not been prejudiced.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court deny Defendant's Motion To Strike Plaintiff's Reply Brief As Untimely and consider Plaintiff's Reply In Support Of His Motion To Declare Class Action Waiver Unlawful.

Respectfully submitted,

By:    /s/ Ann L. Miller
E. Powell Miller (P39487)
Marc Newman (P51393)
Ann L. Miller (P43578)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, Michigan 48307
Phone: (248) 841-2200
Fax: (248) 652-2852
alm@millerlawpc.com

Alan J. Statman (*pro hac vice*)
Jeffrey P. Harris (*pro hac vice*)
W. Kelly Lundrigan (*pro hac vice*)
STATMAN, HARRIS & EYRICH, LLC
441 Vine Street
3700 Carew Tower
Cincinnati, Ohio 45202
(513) 621-2666
(513) 621-4896 (fax)
ajstatman@statmanharris.com
jharris@statmanharris.com
klundrigan@statmanharris.com

*Trial Attorneys for Plaintiff and Plaintiff Class*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

**Michelle Thurber Czapski**
mczapski@dickinsonwright.com,dnavin@dickinsonwright.com

**Jeffrey P. Harris**
jharris@statmanharris.com,dsmith@statmanharris.com

**William K. Lundrigan**
klundrigan@statmanharris.com,ehutton@statmanharris.com

**Kenneth J. McIntyre**
kmcintyre@dickinsonwright.com,cbennett@dickinsonwright.com

**Ann L. Miller**
alm@millerlawpc.com,jns@millerlawpc.com,asl@millerlawpc.com

**E. Powell Miller**
epm@millerlawpc.com,jns@millerlawpc.com,kds@millerlawpc.com

**Marc L. Newman**
mln@millerlawpc.com,jns@millerlawpc.com,asl@millerlawpc.com

**Alan J. Statman**
ajstatman@statmanharris.com

**Toby A. White**
twhite@dickinsonwright.com,comey@dickinsonwright.com

    /s/ Ann L. Miller
Ann L. Miller (P43578)
THE MILLER LAW FIRM, P.C.
Counsel for Plaintiffs
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
alm@millerlawpc.com

7