IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT F. FRANCIS, II,

    Plaintiff,

vs.

AT&T MOBILITY, LLC f/k/a
CINGULAR WIRELESS LLC,

    Defendant.

USDC Case No. 07-14921

Hon. George Caram Steeh
Mag. Judge Mona K. Majzoub

_____/

| | |
|---|---|
| E. Powell Miller (P39487) | Kenneth J. McIntyre (P17450) |
| Marc Newman (P51393) | Michelle Thurber Czapski (P47267) |
| Ann L. Miller (P43578) | Toby A. White (P67530) |
| THE MILLER LAW FIRM, P.C. | DICKINSON WRIGHT PLLC |
| Counsel for Plaintiff and Plaintiff Class | Counsel for Defendant AT&T Mobility, LLC |
| 950 W. University Drive, Suite 300 | 500 Woodward Ave., Suite 4000 |
| Rochester, Michigan 48307 | Detroit, Michigan 48226-3425 |
| (248) 841-2200 | (313) 223-3500 |
| | |
| Alan J. Statman | Evan M. Tager |
| Jeffrey P. Harris | Archis A. Parasharami |
| W. Kelly Lundrigan | MAYER BROWN LLP |
| STATMAN HARRIS & EYRICH, LLC | Co-Counsel for Defendant AT&T Mobility, LLC |
| Co-Counsel for Plaintiff and Plaintiff Class | 1909 K Street NW |
| 441 Vine Street | Washington, DC 20006 |
| 3700 Carew Tower | (202) 263-3000 |
| Cincinnati, Ohio 45202 | |
| (513) 621-2666 | |

_____/

**REPLY IN SUPPORT OF AT&T MOBILITY LLC'S
MOTION TO STRIKE DECLARATIONS OF
<u>MARK P. ROMANO AND GREGORY D. HANLEY</u>**

The recent series of discovery and related disputes between ATTM and Francis can be reduced to one fundamental disagreement: ATTM seeks to resolve the arbitration issue by placing all relevant information before the Court, while Francis would prefer to exclude any evidence that does not favor his position. ATTM's primary objective has been, and remains, obtaining discovery regarding the Hanley and Romano declarations. Indeed, as discussed in ATTM's opening brief (at 1), ATTM would prefer that the Court grant such discovery and then deny this motion without prejudice. But if the Court is not inclined to grant ATTM's motion to compel discovery, ATTM respectfully submits that the Court should grant this motion and exclude the Hanley and Romano declarations either entirely—because Francis and the declarants have refused to provide discovery—or in part, because key assertions contained in the declarations are speculative, unfounded, or demonstrably untrue.

**A.  The Court Should Exclude The Hanley and Romano Declarations In Their Entirety Due To The Failure Of The Declarants And Francis To Comply With Subpoenas And Discovery Requests.**

In its opening brief, ATTM argued that the declarations of Hanley and Romano should be stricken because the declarants have refused to respond to ATTM's subpoenas and because Francis has failed to respond to ATTM's related discovery requests. *See* Docket No. 48, Br. at 1. Francis does not dispute that the discovery ATTM seeks is relevant. Rather, he contends simply that ATTM's subpoenas and discovery requests were untimely. *See* Opp. at 1-3. ATTM has explained why that argument is mistaken. *See* ATTM Br. in Support of Mot. to Compel Discovery at 7-8; ATTM Br. in Support of Mot. to Strike Expert Declarations at 1; ATTM Reply in Support of Mot. to Compel Discovery at 2-4.[1] Francis does not deny that, if ATTM is correct

---

[1] Francis asserts that his "counsel made a concerted effort to alert Defendant's counsel, both in a telephone conversation and in a confirmatory letter, that the subpoenas were not timely." Opp. at 3. But while the subpoenas and document requests were served before July
Footnote continued on next page …

2

that its discovery requests and subpoenas were timely, then it would be appropriate for this Court to strike the Hanley and Romano declarations in their entirety.

B.  **The Court Should Strike The Portions Of Each Declaration That Are Speculative, Without Foundation, And/Or Demonstrably Untrue.**

In the alternative, this Court should strike the portions of each declaration specifically identified in ATTM's opening memorandum, because those paragraphs of the declarants' testimony are speculative, without foundation, or untrue. Francis defends the substance of his declarants' testimony simply by arguing that the declarants' "extensive education and consumer law experience" is sufficient to render their challenged testimony admissible. Opp. at 5-7.[2] But a witness's stated qualifications, standing alone, do not constitute "sufficient facts or data" rendering the witness's specific opinions admissible under Federal Rule of Evidence 702(1). As the Supreme Court has explained, "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Rather, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" FED. R. EVID. 702 advisory committee's note, 2000 amendments.

---

Footnote continued from previous page …

31—the date on which Francis contends that his obligations to respond to discovery (and his declarants' obligations to comply with subpoenas) came to an end—Francis's counsel did not "alert" ATTM's counsel to that position until after the purported July 31 deadline had passed.

2    Francis concedes (Opp. at 4) that neither Romano's nor Hanley's testimony is based upon personal knowledge.

Earlier this year, Judge Cleland of this Court rejected an argument nearly identical to the one that Francis makes here. *Schober v. Maritz Inc.*, 2008 WL 544948 (E.D. Mich. Feb. 26, 2008). In *Schober*, the plaintiff offered expert testimony that his workplace conditions were unsafe in an effort to support a claim of negligence. The proffered expert had performed no tests, examined no data, and conducted no investigation; his testimony was based entirely on his previous experience. Judge Cleland held that the expert's testimony was inadmissible because those factors that serve to qualify a witness as an expert (*e.g.*, education and experience) cannot also satisfy Rule 702's "**wholly independent requirement**" that the witness's specific testimony be based on "sufficient facts or data" and "reliable principles and methods." *Id.* at *3 (emphasis added) (internal quotation marks omitted). Although the expert's qualifications were based on "his unquestionably lengthy service in the industry," they were nonetheless "simply insufficient" because "[t]o allow mere years of experience * * * to do service for an actual, reasoned explanation would be to permit an opinion to be supported by little more than 'because I said so.'" *Id.* at *4; *see also Wallbridge Aldinger Co. v. Aon Risk Servs., Inc.*, 2007 WL 1219036, at *3 (E.D. Mich. Apr. 25, 2007) (Cleland, J.) ("Plaintiff provides no basis for [his expert's] opinion regarding generally accepted surety industry standards other than [the expert's] personal experience. * * * [The expert's] qualifications and lengthy service in the industry alone cannot satisfy this requirement.") (internal quotation marks and citation omitted).

Here, as in *Schober* and *Wallbridge*, Francis's proffered expert testimony is devoid of any supporting reasoning or factual foundation. It is, in other words, based on nothing more than the witnesses' say-so. Francis offers no "facts" or "data" supporting the Hanley and Romano declarations, other than the very same factors that assertedly qualify Hanley and Romano as experts in the first place. *See* Opp. at 5 (Romano's testimony is based upon "sufficient facts or

4

data (including his extensive education and consumer law experience)" and "reliable principles and methods (including Mr. Romano's extensive education and consumer law experience)"); *id.* at 6 (same regarding Hanley).

The Hanley and Romano declarations are not only factually unsupported but also conclusory and unexplained. Just as the expert in *Schober* failed to define his central term ("safe"), neither Francis nor his experts ever indicate what it means to say that "few" attorneys would accept an individual case like Francis's (Hanley Decl. at 3 ¶ 11) or that "a claimant would [not] be successful in finding Michigan counsel" (Romano Decl. at 2 ¶ 11). If Hanley and Romano mean to say that *no* Michigan consumer attorney would accept such a case, their assertions are not only without foundation but conclusively disproved by the Mueller affidavit (which perhaps explains why Francis is so anxious that that affidavit be stricken). If they mean that some purportedly negligible percentage of Michigan counsel would take the case, their failure to specify what that percentage is and how it was determined also renders their testimony inadmissible under Rule 702, because there is no way for the Court to ascertain whether it is based upon "sufficient facts or data."

## CONCLUSION

The Court should strike the Hanley and Romano declarations either in whole or in part.

Dated:  October 14, 2008    Respectfully submitted,

/s/  Toby A. White_____
Michelle Thurber Czapksi (P47267)
Toby A. White (P67530)
DICKINSON WRIGHT PLLC
Attorneys for Defendant ATTM
500 Woodward Ave., Suite 4000
Detroit, Michigan  48226-3425
(313) 223-3425
mczapski@dickinsonwright.com
twhite@dickinsonwright.com

5

        Evan M. Tager
        Archis A. Parasharami
        MAYER BROWN LLP
        Co-counsel for Defendant ATTM
        1909 K. Street NW
        Washington, D.C. 20006
        (202) 263-3000
        aparasharami@mayerbrown.com

## CERTIFICATE OF SERVICE

  The undersigned certifies that a true and correct copy of the foregoing was served upon all counsel of record by CM/ECF on October 14, 2008.

        /s/ Toby A. White_____
        Toby A. White (P67530)
        Dickinson Wright PLLC
        Attorneys for Defendant ATTM
        500 Woodward Ave., Suite 4000
        Detroit, Michigan 48226-3425
        (313) 223-3500
        twhite@dickinsonwright.com