**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT F. FRANCIS, II,

        Plaintiffs,            **CIVIL ACTION NO. 07-CV-14921**

 VS.                          **DISTRICT JUDGE GEORGE CARAM STEEH**

AT&T MOBILITY, LLC,        **MAGISTRATE JUDGE MONA K. MAJZOUB**
f/k/a CINGULAR WIRELESS,
LLC,
        Defendants.
                                /

**OPINION AND ORDER DENYING DEFENDANT AT&T MOBILITY'S MOTION TO COMPEL DISCOVERY AND EXTEND BRIEFING DEADLINES (DOCKET NO. 38), MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF AS UNTIMELY (DOCKET NO. 40) AND MOTION TO STRIKE DECLARATIONS OF MARK P. ROMANO AND GREGORY D. HANLEY (DOCKET NO. 48) AND GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF WOLFGANG MUELLER (DOCKET NO. 49)**

Before the Court are four discovery motions in this action. Defendant filed a Motion To Compel Discovery And Extend Briefing Deadlines on August 27, 2008. (Docket no. 38). Plaintiff filed a Memorandum in Opposition (Response) on September 15, 2008. (Docket no. 47). Defendant filed a Reply on September 29, 2008. (Docket no. 55). Defendant filed a Motion To Strike Plaintiff's Reply Brief [#37] As Untimely on August 29, 2008. (Docket no. 40). Plaintiff filed a Response on September 15, 2008. (Docket no. 46). Defendant filed a Reply on September 29, 2008. (Docket no. 54). Defendant filed a Motion To Strike Declarations Of Mark P. Romano and Gregory D. Hanley on September 15, 2008. (Docket no. 48). Plaintiff filed a Response on September 30, 2008. (Docket no. 58). Defendant filed a Reply on October 14, 2008. (Docket no. 62). Plaintiff filed a Motion To Strike Affidavit Of Wolfgang Mueller on September 16, 2008. (docket no. 49). Defendant filed a Response on October 1, 2008. (Docket no. 59). Plaintiff filed

a Reply on October 7, 2008. (Docket no. 60). The parties filed a Joint Statement of Resolved and Unresolved Issues on October 16, 2008. (Docket no. 63). The Court heard oral argument on these motions on October 27, 2008. These motions have been referred to the undersigned for decision. (Docket no. 39). The motions are now ready for ruling.

Plaintiff brings this class action suit claiming that Defendant breached contracts with its subscribers and engaged in unfair, deceptive and misleading practices in aggressively marketing their wireless services and products. (Docket no. 7).

**I.**  **Defendant's Motion to Compel Discovery And Extend Briefing Deadlines (Docket no. 38)**

Defendant argues that it is faced with an upcoming deadline for its Reply Brief in support of its Motion to Compel Arbitration and Dismiss but has not been able to conduct discovery regarding the factual assertions made by Plaintiff in response to the motion. Defendant served discovery requests on Plaintiff on July 22, 2008, including 5 Requests for Production. (Docket no. 38-4). On July 23, 2008 Defendant served subpoenas on two expert witnesses identified by Plaintiff, Gregory Hanley and Mark Romano, to produce documents on August 6, 2008, for Hanley to appear for deposition on August 11, 2008 and Romano to appear for deposition on August 12, 2008. (Docket no. 38-5, 38-6). On August 5, 2008 Plaintiff sent a letter to Defendant's counsel via fax, email and U.S. mail containing Plaintiff's "formal objections" to the subpoenas pursuant to Fed. R. Civ. P. 45(c)(2)(B). (Docket no. 47-3 at pg. 10-11 of 28). Plaintiff argues that Defendant engaged in discovery past the discovery deadline.

The discovery period at issue is limited to issues raised in Plaintiff's Motion to Declare Class Action Waiver Unlawful (docket no. 13) filed on January 16, 2008 and Defendant's Motion to Compel Arbitration and Dismiss (docket no. 17), filed on January 25, 2008 (together, the "Pending

2

Motions"). On February 13, 2008 the District Court entered a Stipulated Order Extending Briefing Schedule and Hearing on Pending Motions which stayed the briefing schedule for thirty days so that the parties' counsel could confer and prepare a discovery plan and briefing schedule for the Pending Motions. (Docket no. 26). On March 20, 2008 the Court entered two scheduling orders related to the Pending Motions. The first is at Docket No. 29 and is the Order Dismissing Without Prejudice Plaintiff's Motion to Declare Class Action Waiver Unlawful (#13) and Dismissing Without Prejudice Defendant's Motion to Compel Arbitration (#17), and Modifying Proposed Stipulated Order (hereinafter the "Briefing Scheduling Order"). (Docket no. 29). The second order is the stipulated order between the parties, amended and captioned "Order Setting Discovery." (Docket no. 30). The Briefing Scheduling Order sets a schedule for briefing the Pending Motions and references the Order Setting Discovery. (Docket No. 29). The Order Setting Discovery provides a schedule for "discovery concerning the enforceability of the arbitration agreement at issue" and designates specific and separate time frames in which each party may engage in discovery and take depositions. (Docket no. 30).

First, Defendant argues that Plaintiff initially agreed to a stipulated order to extend Defendant's discovery period and the briefing schedule but that Plaintiff later refused to participate in a stipulated order and advised Defendant to proceed by way of an unopposed motion. Plaintiff denies that he agreed to a stipulated order, but admits that he agreed to an unopposed motion as long as it was resolved before Plaintiff's brief was due. Both parties submitted affidavits of their attorneys to support their respective positions.

There is insufficient evidence to find that the parties had an agreement to extend Defendant's discovery period. The parties disagree on this issue and the affidavits and email exchanges between

3

the parties show that Plaintiff's counsel was amenable to extending professional courtesy to Defendants, but agreed only that they would not oppose a motion by Defendant to extend the dates, with certain conditions that would avoid prejudice to Plaintiff.

Second, Defendant argues that the discovery requests were made and subpoenas served during the period allotted by the Court for Defendant to conduct discovery related to the Pending Motions, therefore they were timely. Defendant relies on *Lewis v. Mt. Morris Township*, 2007 WL 3053656 (E.D. Mich. Oct. 19, 2007) for the proposition that the relevant date for determining timeliness is the date on which discovery requests are served. *Id.* at *2. In Lewis, the issue was not whether the defendant's discovery requests were timely, but whether a party could file a motion to compel discovery after the discovery cutoff date, when the discovery itself was timely. The Court noted that only the defendant's "request for enforcement of those existing and duly-noticed discovery requests came after the deadline fell." *Id.* at *2. The Court may order discovery to be completed by a date certain. *See Eastman II v. Ameristep Blinds, Inc.*, 2007 U.S. Dist. LEXIS 43493 (E.D. Mich. June 15, 2007) (The Court denied Plaintiff's Motion to Compel Depositions where the Court's scheduling order explicitly stated that all discovery must be completed by November 17, 2006, the Court would order no discovery to take place after this date and all discovery motions must be filed by October 17 and the Plaintiff renoticed its depositions after the November 17, 2006 deadline.).

The Order Setting Discovery states that: "(7) Defendant shall be permitted to conduct discovery concerning the enforceability of the arbitration agreement at issue, including depositions of Plaintiff and Plaintiff's designated witnesses, from June 17, 2008 through July 31, 2008." The Briefing Scheduling Order, entered the same day, specifically refers to the "Stipulated Order" (the Order Setting Discovery) and states that

4

> Given the long period of discovery agreed upon by Counsel, through July 31, 2008, as well as the interplay between the results of discovery and the merits of the parties' pending motion, the court finds that Francis' motion to declare class action waiver unlawful, and AT&T's motion to compel arbitration and dismiss this action, should be denied without prejudice as unripe for decision, and shall be considered by the court as refiled on July 31, 2008 upon the expiration of the stipulated discovery schedule set forth in the March 19, 2008 "Stipulated Order Setting Discovery and Briefing Schedule." [Docket no. 29].

The Briefing Scheduling Order also provides that the Pending Motions "SHALL BE CONSIDERED RE-FILED on July 31, 2008. The time for filing response and reply briefs to the re-filed July 31, 2008 motions shall be governed by E.D. Mich. LR 7.1(d). If required, a new hearing date will be scheduled after July 31, 2008." (Docket no. 29). The Briefing Scheduling Order clearly contemplates the conclusion of discovery on the Pending Motion issues prior to the time for response and reply. (Docket no. 29). To find otherwise would render the briefing schedule meaningless and discovery could continue well past the briefing deadlines. Further, the time frame given for Defendant's discovery (45 days) exceeds the 30 day response time for interrogatories, requests for admission and requests for production under Federal Rules of Civil Procedure 33, 34 and 36. Had Defendant timely served its Requests for Production, Plaintiff could have responded within the discovery deadline. Defendant had sufficient time to serve subpoenas, complete depositions and require document production before the close of its discovery period. Defendant does not explain its failure to do so.

The Court will deny Defendant's Motion to Compel as to Defendant's requests to compel Plaintiff to produce documents in response to the First Set of Requests for Production and to compel Plaintiff's expert witnesses Mr. Hanley and Mr. Romano for depositions and document production pursuant to the subpoenas issued on July 23, 2008. For the same reasons, the Court will also deny

Defendant's request to extend the discovery dates set forth in the Order Setting Discovery. (Docket no. 30).

Defendant also requests "that the briefing schedule be suspended while this motion is pending." (Docket no. 38 at pg. 12 of 13). With respect to the briefing dates, the Briefing Scheduling Order orders the parties to treat the Pending Motions as re-filed on July 31, 2008 and use the briefing schedule set forth in E.D.Mich. LR 7.1(d) for filing response and reply briefs. (Docket no. 29). Therefore, Defendant's Reply was due on September 5, 2008 (7 days after response, excluding intervening Saturdays, Sundays and holidays, plus an additional 3 days for service by mail or electronic means)[1]. E.D. Mich. LR 7.1(d), Fed. R. Civ. P. 6(a)(2) and (d). Defendant filed this Motion before its Reply was due. The Court will allow Defendant to file a Reply to Plaintiff's Motion to Declare Class Action Waiver Unlawful as set forth below. The Court will deny Defendant's request for sanctions, costs and fees.

## II. Defendant's Motion To Strike Plaintiff's Reply Brief [#37] As Untimely (Docket No. 40)

Defendant brings this Motion to Strike Plaintiff's Reply in Support of His Motion to Declare Class Action Waiver Unlawful filed on August 25, 2008[2]. (Docket no. 37). Defendant alleges that

---

[1] Defendant's Motion to Compel Arbitration and To Dismiss Action (docket no. 17, a dispositive motion), is treated as filed on July 31, 2008. (Docket no. 29). Plaintiff's Response was due on August 21, 2008 (21 days after service). E.D. Mich. LR 7.1(d). The Court declines to add 3 days for service of the Pending Motions by mail or electronic means because neither applies in this instance. Fed. R, Civ. P. 6(d). Plaintiff filed its Response to Defendant's Motion on August 21, 2008. (Docket no. 36).

[2] It is worth noting that in its Motion, Defendant stated that its counsel called Plaintiff's counsel to seek concurrence and Defendant's counsel stated that it "would agree to forego the filing of this motion if Plaintiff would agree that ATTM's [Defendant's] reply brief in support of its motion to dismiss and compel arbitration would not be due until after Magistrate Judge Majzoub ruled on ATTM's motion to compel discovery and extend briefing dates. Counsel for Plaintiff refused." (Docket no. 40).

6

Plaintiff's Reply Brief [docket no. 37] was due on August 11, 2008. Defendant argues that Plaintiff's Reply is tardy pursuant to Defendant's counsel's conversation with the District Court Judge's Court Clerk, as memorialized in Defendant's letter of March 26, 2008 to the Court Clerk, with carbon copy to Plaintiff's counsel. In the letter, Defendant's counsel states that the letter confirms the clerk's advice to Defendant's counsel. Defendant's counsel's letter states that because "Defendant has already filed its response brief in opposition to Plaintiff's Motion to Declare Class Action Waiver Unlawful, the parties should consider Defendant's response brief (rather than Plaintiff's motion itself) as filed on July 31, 2008." (Docket no. 40-4, Letter from T. White to M. Beauchemin dated March 26, 2008). Plaintiff relies on the Court's March 20, 2008 Briefing Scheduling Order to show that Plaintiff's Reply was timely. (Docket nos. 29, 46).

The Court declines to adopt Defendant's argument that his letter controls the scheduling order in this matter. Defendant's counsel's letter was not a part of the docket until it was filed with Defendant's Motion to Strike. Furthermore, Defendant is not prejudiced by following the Court's Briefing Scheduling Order as it appears on the docket. (Docket no. 29). The Court finds that the District Court's Briefing Scheduling Order entered on March 20, 2008 is controlling in this matter. (Docket no. 29). The Briefing Scheduling Order states that the Pending Motions are "SHALL BE CONSIDERED RE-FILED on July 31, 2008. The time for filing response and reply briefs to the re-filed July 31, 2008 motions shall be governed by E.D. Mich. LR 7.1(d)." (Docket no. 29).

Although Defendant had already filed a response to Plaintiff's motion, the Briefing Scheduling Order allowed the parties to file new responses and replies as may be necessitated by the discovery periods concluding on July 31, 2008. Defendant's March 28, 2008 letter aside, there was no way for Plaintiff to know, prior to the expiration of the 14 days for Defendant to file a

7

Response, that Defendant was not filing a new Response to Plaintiff's Motion To Declare Class Action Waiver Unlawful (docket no. 13, a non-dispositive motion). Plaintiff had seven days from August 14, 2008 to file its Reply Brief (Saturdays, Sundays and holidays are excluded from the calculation when the period is less than 11 days). Fed. R. Civ. P. 6(a)(2). Plaintiff's Reply was timely filed on August 25, 2008. (Docket no. 37). The Court will deny Defendant's Motion to Strike Plaintiff's Reply in Support of His Motion to Declare Class Action Waiver Unlawful.

**III.    Defendant's Motion to Strike Declarations Of Mark P. Romano And Gregory D. Hanley (Docket No. 48)**

Defendant filed this Motion on September 15, 2008 asking the Court to strike the declarations of Mark P. Romano and Gregory D. Hanley which were filed as Exhibits E and F to Plaintiff's Opposition [Response] to Defendant's Motion to Compel Arbitration and Dismiss Action filed on August 21, 2008. (Docket no. 36). Plaintiff states that he timely disclosed expert witnesses Romano and Hanley and provided their declarations to Defendant's counsel on June 2, 2008 pursuant to the Court's Order Setting Discovery[3]. (Docket no. 30).

Defendant's initial argument is that these are the same witnesses who failed to comply with Defendant's subpoenas and failed to comply with requests for production (the subject of Defendant's Motion to Compel at Docket no. 38), therefore, Defendant has been deprived of the opportunity to investigate the basis for the opinions and assertions in the declarations. Defendant also argues that the declarations are "largely speculative and without foundation." Defendant also invites the Court

---

[3] The Order Setting Discovery ordered Plaintiff to designate all witnesses from whom he intends to produce testimony in opposition to Defendant's Pending Motion or in support of his own Pending Motion no later than May 31, 2008 and supply declarations of same. (Docket no. 30 ¶ 5). May 31, 2008 was a Saturday, therefore, Plaintiff's designation and declarations were timely filed on June 2, 2008. Fed. R. Civ. P. 6(a)(3).

to defer ruling on this motion or deny it without prejudice so Defendant can refile it at the conclusion of the discovery which Defendant seeks to compel. (Docket no. 48). The Court will not strike the complete declarations of Witnesses Romano and Hanley because Defendant's subpoenas and discovery requests were untimely, as set forth in further detail above with respect to Defendant's Motion to Compel (docket no. 38).

In the alternative, Defendant asks the Court to strike the portions of the declarations that are, on their face, speculative, without foundation or demonstrably false. (Docket no. 48). These are Romano's deposition, paragraphs 10-11, 16-18 and 20-21 and Hanley's declaration paragraphs 11, 13-15, and 18-19. (Docket nos. 48, 63). The Court will deny without prejudice Defendant's request to strike portions of the declarations because the request is premature at this time.

### **IV.** **Plaintiff's Motion To Strike Affidavit Of Wolfgang Mueller (Docket no. 49)**

Plaintiff moves to strike the Affidavit of Wolfgang Mueller as untimely. On September 2, 2008 Defendant filed a Reply Memorandum In Support Of AT&T Mobility LLC's Motion To Compel Arbitration And To Dismiss Action (docket no. 42) and attached the Affidavit of Wolfgang Mueller. Plaintiff argues that Wolfgang Mueller was not previously identified, despite the Court's Order Setting Discovery which stated that "Defendant . . . shall designate all witnesses from whom Defendant shall produce testimony in support of its Motion to Compel Arbitration or in opposition to Plaintiff's Motion to Declare Class Action Waiver Unlawful no later than April 15, 2008 and shall supply to Plaintiff the Declarations from those witnesses to be filed in support or opposition." (Docket no. 30). Plaintiff further argues that Wolfgang Mueller's declaration was not provided before Defendant filed its Reply and Defendant did not provide Plaintiff an opportunity to conduct discovery as to Wolfgang Mueller. (Docket no. 49). Defendant argues that Mueller should be

9

treated as a late-designated witness. (Docket no. 59). Defendant argues in the alternative that Mueller is a rebuttal witness and therefore Defendant was not required to include him in the original designations.

A party must disclose expert testimony at the times and in the sequence that the Court orders. Fed. R. Civ. P. 26(a)(2)(C). The Court ordered Defendant's disclosure of witnesses and their testimony on the parties' Pending Motions no later than April 15, 2008. It is undisputed that Defendant did not disclose Mueller at any time prior to the filing of his affidavit on September 2, 2008, over four months past the deadline. Defendant's disclosure of Mueller is untimely. Plaintiff argues that he is prejudiced because his time for discovery has passed.

Rule 37(c), Fed. R. Civ. P., provides:

If a party fails to identify a witness or provide information as required by Fed. R. Civ. P. 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Rule 37(c)(1)(C) provides other remedies that may be imposed instead of or in addition to not allowing the use of the information or witness, including ordering any of the sanctions available under Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). "The Sixth Circuit and other courts have held that district courts have broad discretion to exclude untimely disclosed expert-witness testimony." *See Estes v. King's Daughters Medical Center*, 59 Fed. Appx. 749, 753 (6th Cir. Mar. 6, 2003) (unpublished).

Defendant relies on a four-part test set forth in *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007), to argue that the testimony by affidavit of its late-designated witness should be permitted. The test provides that the courts consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel*, 480 F.3d at 707.

10

First, Defendant argues that it failed to timely identify Mueller because he is a rebuttal witness and his testimony responds to contentions made by Plaintiff's expert witnesses, Hanley and Romano, who were not designated until after Defendant's period to identify witnesses closed pursuant to the Order Setting Discovery. (Docket No. 30). Plaintiff argues that Mueller is not a rebuttal witness because his testimony does not address new evidence or theories presented by Plaintiff. "Real rebuttal evidence is evidence presented to rebut 'new' evidence, and evidence is new 'if, under all the facts and circumstances, . . . the evidence was not fairly and adequately presented to the trier of fact before the defendant's case-in-chief.'" *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 701 (6th Cir. 2001) *citing Benedict v. United States*, 822 F.2d 1426, 1429 (6th Cir. 1987).

Plaintiff points out that Mueller addresses the same issues raised in Defendant's Motion to Enforce Arbitration and Dismiss, including attorney fee "premium" and the feasibility of individualized arbitration for claims like Plaintiff's. (Docket no. 60). Defendant argues, in part, that Plaintiff's Witnesses Hanley and Romano provided evidence on one further issue when each of them opined that based upon his "familiarity with attorneys experienced in handling consumer matters in Michigan," he does "not believe that a claimant would be successful in finding Michigan counsel willing to represent them on a contingent fee basis." (Docket no. 36, Exhibits E ¶ 11 and F ¶ 14). Ramano also declared that he did "not believe that any" of the Michigan attorneys with whom he speaks "would handle such a case." (Docket no. 36, Ex. E ¶ 18). Defendant argues that Mueller's testimony refutes Hanley and Romano's testimony. The declaration in Mueller's opinion which counters Romano and Hanley is that, upon review of the arbitration provision, "an individual plaintiff could obtain a Michigan attorney, such as myself, to represent him or her on an individual basis" (docket no. 42-4 ¶ 6). The remainder of Mueller's affidavit relates to the incentives provided

11

by the arbitration provision and the feasibility of individual claims. Mueller's testimony does not address new evidence because it goes to a core element of Defendant's argument and Plaintiff's defense, representation, which was raised in Defendant's Pending Motion. Defendant's counsel acknowledged at the hearing that representation is part of the analysis. This issue and argument were raised in Defendant's Brief where it argued that its arbitration agreement is uniquely favorable to consumers and their "prospective attorneys" to bring claims on an individual basis. (Docket no. 15 at pg. 14 of 34). This issue also goes to Defendant's second point, that Mueller's testimony is important because it refutes the new evidence regarding Michigan attorneys. As set forth above, the Court does not find that Mueller addresses new issues or new evidence and is not a rebuttal witness.

Third, Defendant argues that Plaintiff will suffer no prejudice from the admission of Mueller's affidavit and cannot contend that he was surprised by this witness because Defendant notified Plaintiff by letter dated April 18, 2008 that it was reserving "the right to select additional witnesses who may . . . respond to contentions you may raise in your subsequent briefing and any associated declarations." (Docket no. 59-3). Defendant also contends that Mueller's affidavit concerns the same subject that Plaintiff raised by offering the Hanley and Romano declaration, the availability of lawyers in Michigan to represent customers on an individual basis. The Court does not find that Defendant's boiler plate reservation of rights in a letter, in conflict with the Court's Order Setting Discovery, allows tardy identification of a new witness.

Further, Plaintiff will be prejudiced by the admission of the Mueller affidavit because Plaintiff already briefed and filed its Response in accordance with the Court's Briefing Scheduling Order, before the Mueller affidavit was provided. This is a situation of Defendant's own creation. Defendant had a period of discovery in which it could have deposed Plaintiff's witnesses Romano

and Hanley and otherwise addressed this matter to the extent it alleges that they provide new evidence, and it failed to do so. Finally, the parties stipulated to the Order Setting Discovery and even though the Court struck portions of it, the Order Setting Discovery never contemplated a period for designating rebuttal witnesses. (Docket no. 30).

Defendant argues that prejudicial concerns regarding the Mueller affidavit are easily resolved because Defendant will agree to allow Plaintiff to take Mueller's deposition, serve document requests related to Mueller's declaration and file a supplemental brief regarding the Mueller affidavit. (Docket no. 59). As set forth above, the parties previously agreed to the discovery schedule in this matter. The Pending Motions, to which the Mueller affidavit and the scheduling order pertain, have been before the Court since January 2008, even with a refiling date of July 31, 2008. The Court will not amend the discovery schedule at the eleventh hour to allow further depositions and necessitate even further briefing of these issues. The Court will grant Plaintiff's Motion to Strike Affidavit of Wolfgang Mueller.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery And Extend Briefing Deadlines (docket no. 38) is **DENIED** except that Defendant may file its Reply To Plaintiff's Response to Defendant's Motion to Compel Arbitration and To Dismiss Action on or before November 10, 2008.

**IT IS FURTHER ORDERED** that Defendant's Motion To Strike Plaintiff's Reply Brief [#37] As Untimely (docket no. 40) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Declarations of Mark P. Romano and Gregory D. Hanley (docket no. 48) is **DENIED** as to both declarations and Defendant's request to strike portions of the declarations is **DENIED** without prejudice as premature.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Strike Affidavit Of Wolfgang Mueller (docket no. 49) is **GRANTED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 3, 2008          s/ Mona K. Majzoub
                                                      MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 3, 2008          s/ Lisa C. Bartlett
                                                        Courtroom Deputy