UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT F. FRANCIS, II,

    Plaintiff,

vs.

Case No. 07-CV-14921
HON. GEORGE CARAM STEEH

AT&T MOBILITY LLC f/k/a
CINGULAR WIRELESS LLC,

    Defendant.

_____/

## ORDER OVERRULING DEFENDANT'S OBJECTIONS TO NOVEMBER 3, 2008 ORDER (#64)

On referral from this court, Magistrate Judge Mona Majzoub issued a November 3, 2008 Order denying defendant AT&T Mobility LLC's motion to compel discovery and extend briefing schedule, denying AT&T's motion to strike the declarations of Mark Romano and Gregory Hanley, denying AT&T's motion to strike plaintiff Robert Francis, II's reply brief, and granting Francis' motion to strike the affidavit of AT&T's witness Wolfgang Mueller. AT&T filed objections to the Order on November 13, 2008. The matter has been fully briefed. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the objections be resolved without oral argument.

Francis filed a First Amended Class Action Complaint on January 2, 2008, alleging AT&T breached the contracts of AT&T subscribers, and engaged in unfair, deceptive, and misleading practices relative to advertised "unlimited" or "free" mobile-to-mobile phone services, free international "roaming" for text messaging, and free domestic "roaming" for

cellular phone services. The Amended Complaint seeks class action certification under Rule 23, and alleges breach of contract, violation of Michigan's Consumer Protection Act, M.C.L. §§ 445.901, et seq. (as well as similar consumer protection acts in other states), and innocent misrepresentation. The Amended Complaint seeks declaratory and equitable relief, as well as damages.

On January 16, 2008, Francis filed a motion to declare a contractual class action waiver unlawful. On January 25, 2008, AT&T filed a motion to dismiss and compel arbitration. The court signed a February 13, 2008 stipulated order suspending the briefing schedules on the motions for thirty days to allow the parties to prepare a mutually agreeable discovery plan. An April 16, 2008 hearing on the motions was rescheduled for May 1, 2008. On March 19, 2008, the parties submitted a proposed "Stipulated Order Setting Discovery and Briefing Schedule." On March 20, 2008, the court issued an Order striking certain paragraphs of the proposed Order, and denied without prejudice Francis' motion to declare a class action waiver unlawful and AT&T's motion to dismiss and compel arbitration. The March 20, 2008 Order provided that the motions shall be considered re-filed as of July 31, 2008, that the briefing schedule for the motions would be governed by Eastern District of Michigan Local Rule 7.1(d), and that a new hearing date would be scheduled after July 31, 2008, if required. The court entered the "Order Setting Discovery," as modified, on March 20, 2008, which provided inter alia that AT&T shall designate all witnesses from whom AT&T shall produce testimony in support of its motion to dismiss or compel arbitration no later than April 15, 2008. AT&T filed its motion to compel discovery and extend briefing schedule on August 27, 2008, its motion to strike Francis' reply brief on August 29, 2008, and its motion to strike the declarations of Romano and Hanley on

September 15, 2008. Francis filed his motion to strike the affidavit of Wolfgang Mueller on September 16, 2008. Magistrate Judge Majzoub adjudicated these non-dispositive motions in the subject November 3, 2008 Order. AT&T objects to the Magistrate Judge's rulings except as to the denial of AT&T's motion to strike Francis' reply brief.

A district court shall consider objections to a magistrate judge's non-dispositive orders, and shall modify or set aside any portion of the orders found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D. Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).

I.

Francis moved to strike the affidavit of AT&T witness Wolfgang Mueller as attached to AT&T's September 2, 2008 reply brief in support of its motion to dismiss and compel arbitration, arguing Mueller was not designated as a witness by April 15, 2008, as required by the March 20, 2008 "Order Setting Discovery." The Magistrate Judge agreed, finding Mueller was first disclosed on September 2, 2008. The Magistrate Judge struck Mueller's affidavit as untimely, and rejected AT&T's argument that Mueller was a rebuttal witness or late-designated witness.

A court may disallow the use of information of an untimely disclosed witness. Fed. R. Civ. P. 37(c)(1). Whether to exclude an untimely disclosed witness is in the district court's discretion. Pride v. BIC Corp., 218 F.3d 566, 758 (6th Cir. 2000).

The Magistrate Judge properly exercised her lawful discretion in striking Mueller's

3

September 2, 2008 affidavit as untimely. AT&T's argument that the striking of Mueller's affidavit improperly shifts the burden of proof upon AT&T to prove that this controversy is subject to arbitration is without merit. AT&T has the burden as the movant of establishing it is entitled to the relief requested in its motion to dismiss and compel arbitration, a motion AT&T initially filed on January 25, 2008. As recognized by the Magistrate Judge and conceded by AT&T, AT&T raised the issue of the willingness of attorneys to represent an individual in arbitration against AT&T – the topic of Mueller's affidavit – in AT&T's initial January 25, 2008 brief. Attached to AT&T's January 25, 2008 brief in support of its motion for arbitration is the declaration of Professor Richard Nagareda, who opines that the arbitration clause at issue "provides financial incentives for consumers (and their attorneys, if any) to pursue arbitration[.]" Evidence going to the issue of whether lawyers are willing to represent individual consumers in arbitration against AT&T was first introduced by AT&T, not Francis. Consequently, the declarations of Romano and Hanley in opposition to Nagareda's declaration were not "new" evidence in the sense that evidence of the willingness of lawyers to represent AT&T customers in arbitration was presented to this court initially by AT&T. See Toth v. Grand Trunk R.R., 306 F.3d 335, 345 (6th Cir. 2002). Mueller's affidavit is not "new" for rebuttal purposes, but simply "new" as coming from Mueller. The Magistrate Judge properly exercised her discretion in finding that Mueller was not a rebuttal witness. Toth, 306 F.3d at 345; Pride, 218 F.3d at 758. The court is not left with a definite and firm conviction that a mistake has been made. Patterson, 225 F.R.D. at 205.

II.

AT&T moved to compel discovery relative to: (1) discovery requests served on

Francis on July 22, 2008 which, by operation of Rule 34(b)(1), required a response within 30 days, or by August 22, 2008; (2) July 23, 2008 subpoenas served on plaintiff's experts Hanley and Romano to produce documents on August 6, 2008; and (3) notices for Hanley and Romano to appear for depositions, respectively, on August 11, 2008, and August 12, 2008. AT&T also moved for an extension of time to file its reply brief in support of its motion to dismiss and compel discovery for the purpose of incorporating the information it would obtain from the court-compelled discovery. The Magistrate Judge denied the motion to compel, finding that the parties did not agree to extend the discovery cut-off date as set forth in the court's March 20, 2008 Orders, and that AT&T's discovery requests and subpoenas, although served less than a week prior to July 31, 2008, requested discovery after the July 31, 2008 discovery closing date. Consistent with denying the motion to compel discovery, the Magistrate Judge granted AT&T an extension until November 10, 2008 to file its reply brief.

A court's scheduling orders may be modified only for good cause shown and with the court's consent. Fed. R. Civ. P. 16(b)(4). In addition to demonstrating "good cause," the party seeking a modification must demonstrate that it could not reasonable meet the scheduling deadline with the exercise of due diligence. Leary v. Daeschner, 349 F.3d 888, 906 (2003). On its own, the court may limit the frequency or extent of discovery on determining that the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Fed. R. Civ. P. 26(b)(2)(C)(ii). Whether to grant a motion to compel discovery is in the district court's discretion. Lavardo v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993).

The Magistrate Judge properly exercised her lawful discretion in denying AT&T's

motion to compel discovery and extend the briefing schedule. AT&T's argument that it believed in good faith that discovery could be taken after the July 31, 2008 discovery cut-off date does not constitute "good cause" for seeking discovery in August 2008, nor does it explain why the subject discovery could not have been completed before July 31, 2008 with the exercise of due diligence. Finding that AT&T had ample opportunity to conclude discovery before July 31, 2008, the Magistrate Judge did not abuse her discretion. Leary, 349 F.3d at 906; Lavardo, 992 F.2d at 604. The court is not left with a definite and firm conviction that a mistake has been made. Patterson, 225 F.R.D. at 205.

III.

AT&T filed a motion to strike the declarations of Mark Romano and Gregory Hanley based on their motion to compel Romano and Hanley to produce documents and appear at August 2008 depositions. AT&T also moved to strike the declarations as speculative, without foundation, and false. The Magistrate Judge denied the motion consistent with her ruling denying AT&T's motion to compel discovery. The Magistrate Judge also denied, without prejudice, AT&T's request to strike for lack of evidentiary credibility and merit.

As discussed in Section II, the Magistrate Judge did not err in denying AT&T's motion to compel discovery and extend the briefing schedule. Consequently, the Magistrate Judge did not err in denying AT&T's motion to strike the declarations of Romano and Hanley based on AT&T's asserted inability to obtain discovery relative to Romano and Hanley. The court declines to revisit the Magistrate Judge's ruling de novo with respect to the evidentiary weight of Romano's and Hanley's declarations in the absence of specific objection. The court is not left with a definite and firm conviction that a mistake has been made. Patterson, 225 F.R.D. at 205.

IV.

For the reasons set forth above, AT&T's objections are hereby OVERRULED. AT&T is hereby ORDERED to file its reply to Francis' response to AT&T's motion to dismiss or compel arbitration within seven days of the date of this Order.

SO ORDERED.

Dated: December 12, 2008

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 12, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk