UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT F. FRANCIS, II,

        Plaintiff,

                                    Case No. 07-CV-14921
vs.                                  HON. GEORGE CARAM STEEH

AT&T MOBILITY LLC f/k/a
CINGULAR WIRELESS LLC,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE AND STRIKE THE TESTIMONY AND DECLARATION OF RICHARD NAGAREDA (# 34)

Plaintiff Robert Francis II moves to exclude and strike the testimony and declaration of defendant AT&T Mobility LLC expert Richard Nagareda. The matter has been fully briefed. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the objections be resolved without oral argument.

The circumstances underlying this lawsuit are set forth in the court's Order of even date overruling AT&T's objections to a November 3, 2008 Order issued by Magistrate Judge Mona Majzoub. In support of its motion to dismiss Francis' claims and compel arbitration, AT&T proffers the declaration and deposition testimony of Law Professor Richard Nagareda. Francis moves to exclude and strike Nagareda's declaration and deposition testimony under Federal Rule of Evidence 702 arguing Nagareda improperly offers legal conclusions regarding the contractual arbitration provision. Francis also argues that Nagareda is not qualified to offer factual conclusions as to an existing market for legal

services for small-dollar consumer claims, or in the area of class actions generally.

A district court has broad discretion in determining whether to admit or exclude expert evidence, and this discretion is "at its zenith" when the evidence is presented to the court as the fact-finder rather than a jury. <u>United States v. Kalymon</u>, 541 F.3rd 624, 636 (6th Cir. 2008). Nagareda's declaration and deposition testimony are being proffered to the court in support of AT&T's motion to dismiss and compel arbitration, a matter to be decided by the court and not a jury. Francis' argument that Nagareda's factual opinions should be excluded implicitly concedes that Nagareda offers more than legal conclusions. Indeed, Professor Richard Nagareda opines that the arbitration clause at issue "provides financial incentives for consumers (and their attorneys, if any) to pursue arbitration[.]" The appropriate weight to be given to this factual opinion, if any, will be decided by the court. Striking Nagareda's testimony and declarations in total, at this juncture, is unwarranted. Accordingly,

Francis' motion to exclude and strike the testimony and declaration of Richard Nagareda is hereby DENIED, without prejudice.

SO ORDERED.

Dated: December 12, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 12, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk